The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as State v. Williams, 195 Ohio App.3d 505, 2011-Ohio-4653.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–674.

Decided Sept. 15, 2011.

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee.

Lee D. Williams, pro se.

CONNOR, Judge.

{¶ 1} Defendant-appellant, Lee D. Williams, appeals from a judgment entered by the Franklin County Court of Common Pleas denying his motion to vacate his sentence. Because postrelease control was not properly imposed, we reverse, and we remand for the limited purpose of conducting a hearing and correcting the judgment entry to properly impose postrelease control as part of appellant's sentence.

{¶ 2} In October 2001, appellant was found guilty, pursuant to a jury trial, of three counts of rape and two counts of kidnapping. A sentencing hearing was held on November 30, 2001. The trial court sentenced appellant to eight years of incarceration for each of the five counts. The trial court ordered the kidnapping counts to run concurrently with each other and concurrently with the rape counts. The trial court further ordered the three rape counts to be served consecutively to one another, for a total sentence of 24 years. During the sentencing hearing, the trial court advised appellant, "[B]ecause these are felonies of the first degree and a sexually oriented offense, there will be a mandatory period of post-release control after serving the period of incarceration on this matter." A judgment entry journalizing appellant's sentence was filed on December 21, 2001. The portion of the judgment entry that referenced postrelease control stated that "[a]fter the imposition of sentence, the Court notified the Defendant, orally and in

writing, of the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e)." The trial court also held a sexual-predator hearing and found appellant to be a sexual predator. That finding was journalized by a separate judgment entry filed December 21, 2001. However, the record does not reflect that appellant received a standard "Prison Imposed" notice, which advises a defendant of the imposition of postrelease control and of the consequences for violating postrelease control.

{¶ 3} On January 9, 2002, appellant filed an appeal in this court challenging his convictions, his sentence, and his sexual-predator classification. On September 3, 2002, we affirmed appellant's convictions and sexual-predator determination but reversed and remanded this matter for resentencing. Specifically, we determined that the trial court failed to make the necessary findings required by former R.C. 2929.14(E)(4) and former 2929.19(B)(2) in order to impose consecutive sentences. In addition, we held that the trial court should have merged the two kidnapping convictions with the three rape convictions pursuant to Ohio's allied-offense statute. See *State v. Williams*, 10th Dist. No. 02AP–35, 2002-Ohio-4503, 2002 WL 2005815. The Supreme Court of Ohio declined to accept the appeal for review. *State v. Williams*, 98 Ohio St.3d 1412, 2003-Ohio-60, 781 N.E.2d 1020.

{¶ 4} The trial court held a resentencing hearing on October 14, 2003. At the resentencing hearing, the trial court ordered the two kidnapping counts to be merged with the three rape counts and ordered consecutive sentences of eight years for each of the rape counts, for a total sentence of 24 years. The trial court also made additional findings to support the imposition of consecutive sentences. However, the transcript of this hearing does not reflect that the trial court orally advised appellant during the hearing that he would be subject to mandatory postrelease control. And, again, the record does not contain the standard notice entitled "Prison Imposed" notice typically signed by a defendant at a sentencing hearing.

{¶ 5} On October 20, 2003, a judgment entry was filed journalizing the sentence imposed by the trial court. The judgment entry reflects the sentence imposed by the trial court at the oral sentencing hearing. The judgment entry also states that "[t]he Court previously notified the Defendant, orally and in writing, of the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d), and (e)."

{¶ 6} Appellant did not file a timely direct appeal from his 2003 resentencing. However, in August 2002, prior to our order to remand for resentencing, appellant had filed a postconviction petition in the common pleas court, which he sought to amend in August 2004. In March 2005, the common pleas court denied appellant's postconviction petition without holding a hearing. Appellant appealed

that decision and, in May 2006, we affirmed the decision of the trial court. *State v. Williams*, 10th Dist. No. 05AP–339, 2006-Ohio-2197, 2006 WL 1174504. On March 9, 2007, appellant sought leave to file a delayed appeal from his resentencing entry. However, we denied leave to appeal. See *State v. Williams* (Mar. 9, 2007), 10th Dist. No. 07AP–203 (memorandum decision).

{¶ 7} On February 11, 2010, appellant filed his first motion to vacate sentence. The trial court denied that motion on March 2, 2010. Appellant filed an appeal in this court, which was dismissed for failure to file a timely brief. On June 10, 2010, appellant filed the instant motion to vacate sentence, arguing he was not properly notified of postrelease control upon resentencing. On July 1, 2010, the trial court denied the motion to vacate sentence. Appellant now appeals and asserts one assignment of error for our review:

The trial court abused [its] discretion when it denied petitioner's motion to vacate sentence for lack of post-release control mandates on judgment entry.

{¶ 8} In his sole assignment of error, appellant argues that the judgment entry issued upon his resentencing in October 2003 fails to include the statutorily mandated postrelease-control notifications. Appellant further argues that the trial court failed to properly notify him of postrelease control at the sentencing hearing. As a result, appellant submits that postrelease control was not properly imposed and thus his sentence is void. Appellant cites *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; and *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, in support of his position. Because postrelease control was not properly imposed, appellant argues that this matter should be remanded for a de novo resentencing.

{¶ 9} The General Assembly has imposed a duty upon trial courts to notify an offender at the sentencing hearing of the imposition of postrelease control and of the authority of the parole board to impose a prison term for a violation. The General Assembly also requires that a court include any postrelease-control sanctions in its sentencing entry. See R.C. 2967.28(B), 2929.14(F), 2929.19(B), and 2929.191.

{¶ 10} R.C. 2929.19 governs sentencing hearings and provides:

(A) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code.

\* \* \*

(B)(3) Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

* * *

(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense * * *.

* * *

(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control * * * the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.

{¶ 11} Additionally, R.C. 2929.14, which sets forth basic prison terms, reads as follows:

(F)(1) If a court imposes a prison term for a felony of the first degree, * * * it shall include in the sentence a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment, in accordance with that division.

{¶ 12} R.C. 2967.28 provides:

(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * Section 2929.191 [2929.19.1] of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(3)(c) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code a statement regarding post-release control. Unless reduced by the parole board pursuant to division (D) of this section * * * a period of post-release control required by this division for an offender shall be of one of the following periods:

(1) For a felony of the first degree or for a felony sex offense, five years.

{¶ 13} Finally, R.C. 2929.191, which became effective July 11, 2006, states:

(A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of

section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.

\* \* \*

(B)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(3)(e) of section 2929.19 of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control or to include in the judgment of conviction entered on the journal a statement to that effect, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of section 2929.19 of the Revised Code, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 [2967.13.1] of the Revised Code the parole board may impose as part of the sentence a prison term of up to one-half of the stated prison term originally imposed upon the offender.

{¶ 14} Current case law also supports the position that a trial court must meet these requirements. This court has previously found that "R.C. 2929.19(B)(3)(c) and (e) required a trial court to 'notify' an offender who is convicted of a [first or] second degree felony that post-release control and sanctions for violating post-release control will be imposed." *State v. Amburgy*, 10th Dist. No. 04AP–1332, 2006-Ohio-135, 2006 WL 93104, ¶ 13, citing *State v. Duncan* (Apr. 2, 1998), 10th Dist. No. 97APA08–1044, 1998 WL 151113 (memorandum decision). See also *Jordan* (a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing and any sentence imposed without such notification is contrary to law; the remedy is to remand for resentencing); *Singleton* (courts have a duty to notify an offender at a sentencing hearing of the imposition of postrelease control and of the parole board's authority to impose a prison term for a violation; notification must also be included in the sentencing entry; a de

novo sentencing procedure is the appropriate method to correct a sentence imposed prior to July 11, 2006, that lacks proper notification and imposition of postrelease control[1]); and *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254 (a sentence is void if the sentencing court fails to follow the statutory mandates to impose postrelease control).

{¶ 15} The state of Ohio contends that the statutory authority cited above does not require the trial court to specify, either on the record at the sentencing hearing or in the sentencing entry, the precise length of the postrelease-control term or whether that term is mandatory or discretionary. Even if we were to accept this proposition to mean that it is unnecessary to include such a notice when imposing postrelease control (which we do not[2]), pursuant to the authority cited above, the trial court, nevertheless, was statutorily required to advise appellant at the sentencing hearing that upon his release from prison, he would be subject to a period of postrelease-control supervision and furthermore, if he violated the terms of his postrelease control, the parole board could impose an additional prison term of up to one-half of the stated prison term originally imposed. Additionally, the trial court was required to include this notification in its judgment entry. Based upon the facts as set forth above, it is apparent that the trial court failed to meet these requirements when it sentenced appellant the first time and when it resentenced appellant in October 2003.

{¶ 16} It is evident from the transcript of the resentencing proceedings that the trial court never made any reference to postrelease control during the resentencing hearing. As an alternative to an oral notification made during the course of the hearing in which the trial court personally advises the offender of postrelease control, this court has sometimes relied upon the use of the "Prison Imposed" notice to meet the requirement that appellant be notified at the sentencing hearing of the imposition of postrelease control and of the consequences for violating postrelease control. See *State v. Mays*, 10th Dist. No. 10AP–113, 2010-Ohio-4609, 2010 WL 3783437; *State v. Chandler*, 10th Dist. No. 10AP–369, 2010-Ohio-6534, 2010 WL 5550698; *State v. Easley*, 10th Dist. No. 10AP–505, 2011-Ohio-2412, 2011 WL 1988406; and *State v. Cunningham*, 10th Dist. No. 10AP–452, 2011-Ohio-2045, 2011 WL 1632130. We have also determined that this same notice can work in conjunction with the judgment entry to provide the required notice.

---

1. But see *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

2. See *Bloomer* at ¶ 69 (when a trial court failed to notify the offender of the mandatory nature of the postrelease-control term and of the length of that term and to incorporate such notification into its sentencing entry, "the court failed to satisfy the most basic requirement of R.C. 2929.191 and our existing precedent"). Thus, current case law refutes the state's apparent assertion that such a notice is not required.

{¶ 17} However, in the instant case, there is no evidence that the "Prison Imposed" notice was executed at the resentencing hearing. In addition, the resentencing judgment entry states only that appellant was previously notified, orally and in writing, of the applicable periods of postrelease control. As discussed below, appellant was not actually previously advised. Furthermore, unlike the defendants in *Chandler* and *Mays,* appellant was convicted by way of a jury trial, and thus he did not have the benefit of a guilty-plea form setting forth a notice regarding postrelease control, which could also serve as an alternative method of notification.

{¶ 18} Even if we were to presume, without deciding, that the trial court upon remand was not required to reimpose postrelease control at the resentencing hearing[3] but was instead required to correct only the errors we found in reviewing appellant's direct appeal, postrelease control was not properly imposed at the first sentencing hearing or in the original judgment entry. At the original sentencing hearing, appellant was not specifically advised that the term of postrelease-control supervision would be a mandatory five years, nor was he advised that should he commit an act that violated his postrelease control, he would be subject to a prison term for the violation. And although the original judgment entry stated that he had been advised, orally and in writing, of the applicable periods of postrelease control, this statement is clearly contradicted by the record and the lack of a "Prison Imposed" notice or other appropriate reference during the oral sentencing hearing.

{¶ 19} Based upon the foregoing, we find that postrelease control was not properly imposed and, as a result, we must remand for resentencing. However, as a result of a recent decision issued by the Supreme Court of Ohio in *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, we reject appellant's contention that his entire sentence is void and a de novo resentencing hearing is required. Pursuant to *Fischer,* which overruled the portion of the syllabus in *Bezak* that required a complete resentencing hearing, we find that a hearing restricted to only the void portion of appellant's sentence is required.

{¶ 20} In *Fischer,* the Supreme Court of Ohio determined that "[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." Id. at paragraph one of the syllabus. The court further found that "[t]he new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper

---

3. But see *State v. Mickens,* 10th Dist. No. 08AP–743, 2009-Ohio-2554, 2009 WL 1526918 (trial court was required to notify appellant of postrelease-control sanctions at the resentencing hearing).

imposition of postrelease control." Id. at paragraph two of the syllabus. Additionally, the court held that even though "the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

{¶ 21} Consequently, we find that appellant is entitled to a new sentencing hearing that is limited to the proper imposition of postrelease control. Because the trial court failed to properly impose postrelease control, which is statutorily mandated, as part of appellant's sentence, that portion of his sentence is void and must be set aside. While the offending portion of the sentence is subject to review and correction, the rest of his sentence remains in full force. *Fischer* at ¶ 26–27; see also *State v. Spence,* 10th Dist. No. 10AP–1183, 2011-Ohio-3655, 2011 WL 3074548, ¶ 14.

{¶ 22} Accordingly, appellant's sentences remain, but he is entitled to a new sentencing hearing for the limited purpose of imposing postrelease control. *Spence* at ¶ 14, citing *Fischer* at ¶ 29.

{¶ 23} Based upon our analysis as set forth above, we sustain appellant's sole assignment of error to the extent indicated above, and we remand this matter for the limited purpose of conducting a hearing and correcting the judgment entry to properly impose postrelease control as part of appellant's sentence.

Judgment reversed in part
and cause remanded with instructions.

KLATT and TYACK, JJ., concur.