[Cite as *State v. Quintanilla*, 2013-Ohio-5711.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                      :

      Plaintiff-Appellee,                    :              No. 13AP-388
                                                                                (C.P.C. No. 02CR-5394)
v.                                                    :
                                                                         (REGULAR CALENDAR)
Armando Quintanilla,                      :

      Defendant-Appellant.                :

---

D E C I S I O N

Rendered on December 24, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Timothy Young*, Ohio Public Defender, and *Stephen P. Hardwick*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Defendant-appellant, Armando Quintanilla, appeals from an April 9, 2013 judgment of the Franklin County Court of Common Pleas denying his March 21, 2013 motion to vacate. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In December 2003, appellant entered an Alford plea to two counts of gross sexual imposition, both felonies of the third degree. In February 2004, he was sentenced to eight years in prison with a mandatory five-year period of postrelease control to follow. Appellant did not file a direct appeal.

{¶ 3} In June 2010, before his prison term expired, appellant appeared via videoconference for resentencing due to perceived problems with the way the original

sentencing entry was formatted. At that time, the trial court re-imposed the original eight year sentence. Appellant timely appealed from the resentencing judgment entry and argued that his resentencing violated various constitutional rights and statutory requirements.[1]

{¶ 4} This court decided in *State v. Quintanilla*, 10th Dist. No. 10AP-703, 2011-Ohio-4593 ("*Quintanilla I*"), that we did not need to analyze the merits of appellant's arguments because "post-release control was properly imposed at the original sentencing in February 2004, and thus the resentencing was unnecessary." *Id.* at ¶ 1. We found that the original sentence was not void and remanded the case with instructions to vacate the June 2010 resentencing entry, which left appellant's original judgment, including the sentence, in effect. *Id.* at ¶ 19. The Supreme Court of Ohio declined to accept jurisdiction over appellant's appeal. *State v. Quintanilla*, 131 Ohio St.3d 1439, 2012-Ohio-331 (Pfeifer and Lundberg Stratton, JJ., dissented), motion for reconsideration denied, 131 Ohio St.3d 1501, 2012-Ohio-1501 (Pfeifer, J., dissented).

{¶ 5} On March 21, 2013, appellant filed his motion to vacate "void postrelease control." (R. 193.) The trial court denied the motion on April 9, 2013 and appellant filed the instant appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Appellant presents two assignments of error for our review:

Assignment of Error 1: The trial court erred by failing to vacate the void portion of a sentence.

Assignment of Error 2: The trial court erred by holding that the law-of-the-case doctrine can bar a challenge to a void sentence.

We will consider appellant's assignments of error together for ease of discussion.

## III. DISCUSSION

{¶ 7} In *Quintanilla I*, we held that the trial court's original sentence, including the postrelease control portion, was not void. *Id.* at ¶ 19. Specifically, we stated:

---

[1] *See State v. Quintanilla*, 10th Dist. No. 10AP-703, 2011-Ohio-4593, for additional factual and procedural background.

> [W]e find appellant was properly notified of post-release control and the trial court complied with the requirements governing the proper imposition of post-release control at the time of the original sentencing hearing and in its February 13, 2004 sentencing entry. As such, we find the trial court's original sentence was not void * * *.

*Id.* Appellant now argues we should overturn *Quintanilla I* because the Supreme Court of Ohio invalidated our analysis in *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144. We disagree.

{¶ 8} The key factor in *Billiter* was that the trial court's sentencing entry imposed an incorrect term of postrelease control: a mandatory term of up to a maximum of three years instead of a mandatory term of five years. *Id.* at ¶ 2, 8. The majority held that "if a trial court sentences a defendant to an improper term of postrelease control and the defendant subsequently pleads guilty to violating postrelease control, the defendant is not barred by the principles of res judicata from challenging his conviction." *Id.* at ¶ 11. These are not the circumstances before us.

{¶ 9} Appellant was convicted of two counts of gross sexual imposition, both felonies of the third degree, which called for a mandatory five years of postrelease control. Appellant was sentenced accordingly. *Quintanilla I.*

{¶ 10} We recognize *Billiter's* rule of law that a void postrelease control sentence is not precluded from appellate review by principles of res judicata and may be attacked at any time. *Billiter* at ¶ 10, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph two of the syllabus. However, appellant's sentence was not void, as we held in *Quintanilla I. Id.* at ¶ 19. Therefore, the doctrine of res judicata applies to bar this appeal. *Fischer* at paragraph three of the syllabus ("Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including * * * the lawful elements of the * * * sentence."); *State v. Darks*, 10th Dist. No. 12AP-578, 2013-Ohio-176, ¶ 7 ("to survive the res judicata bar, appellant was required to demonstrate that his sentence was 'void' ").

{¶ 11} Because appellant's sentence was not void, neither of his assignments of error have merit and they are both overruled. We find no reason to further address the trial court's rationale for denying appellant's motion to vacate.

## IV. CONCLUSION

{¶ 12} Accordingly, appellant's two assignments of error are overruled and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.

———————————