[Cite as *State v. Ragland*, 2014-Ohio-798.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio,                                        :

      Plaintiff-Appellee,                     :

                                  No. 13AP-451

v.                                                   :          (C.P.C. No. 00CR-02-0516)

Randolph R. Ragland,                                 :        (ACCELERATED CALENDAR)

      Defendant-Appellant.                     :

---

# D E C I S I O N

### Rendered on March 4, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Randolph R. Ragland*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Randolph R. Ragland, appeals from the judgment of the Franklin County Court of Common Pleas denying his motion for de novo resentencing and finding moot his request for findings of fact and conclusions of law. For the reasons that follow, we affirm the judgment of the trial court.

## I. BACKGROUND

{¶ 2} As summarized in *State v. Ragland*, 10th Dist. No. 04AP-829, 2005-Ohio-4639 ("*Ragland I*"), after a trial to the court, appellant was found guilty and convicted of two counts of rape, in violation of R.C. 2907.02, and classified as a sexual predator. A judgment entry reflecting appellant's convictions, sexual predator classification, and aggregate 16-year prison sentence was filed on July 16, 2004. In his direct appeal in

*Ragland I*, appellant challenged the admission of evidence, the sufficiency and weight of the evidence, as well as the sexual predator classification. Rejecting appellant's asserted assignments of error, this court affirmed the judgment of the trial court on September 6, 2005.

{¶ 3} On November 18, 2005, appellant filed an application to reopen his appeal, pursuant to App.R. 26, and asserted his trial counsel was ineffective for failing to challenge the trial court's imposition of non-minimum, consecutive sentences based upon facts not admitted or found by a jury in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because, on February 27, 2006, the Supreme Court of Ohio rendered a decision discussing the applicability of *Blakely* and *Apprendi* to Ohio's sentencing statutes, this court granted appellant's application to reopen in *State v. Ragland*, 10th Dist. No. 04AP-829 (Mar. 23, 2006) (memorandum decision) ("*Ragland II*"). In *Ragland II*, which was rendered less than 30 days after *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, this court noted that the sentences of the *Foster* defendants were found void, vacated, and remanded for new sentencing hearings. Thus, in *Ragland II*, this court parroted *Foster*'s language and said appellant's sentence was void and that he was entitled to a new sentencing hearing. This court also found a genuine issue existed regarding whether appellant's counsel was ineffective for failing to raise a *Blakely* argument in the direct appeal and allowed appellant to reopen his appeal to assert said argument. Significantly, however, this court did not issue a remand to the trial court or otherwise order the trial court to conduct a new sentencing hearing.

{¶ 4} In the decision concerning appellant's reopening, *State v. Ragland*, 10th Dist. No. 04AP-829, 2007-Ohio-836 ("*Ragland III*"), rendered on March 1, 2007, this court (1) overruled appellant's challenge that his sentence violated *Blakely*, (2) found appellant was unable to establish prejudice resulting from his trial counsel's failure to assert a *Blakely* objection at sentencing, (3) rejected appellant's argument that *Foster* was incompatible with United States Supreme Court precedent, (4) rejected appellant's arguments regarding *Foster*'s severance remedy, and (5) rejected appellant's argument that the rule of lenity required the trial court to impose minimum and concurrent sentences.

{¶ 5}　Over five years after *Ragland III*, appellant filed a motion for de novo resentencing on April 30, 2012 pursuant to Crim.R. 32.1.　Appellant first argued that, because *Ragland II* stated his sentence was void, this court should have dismissed the case and remanded the matter to the trial court for resentencing.　Further, because *Ragland II* stated his sentence was void, appellant argued this court had no jurisdiction to render any decisions pertaining to a void sentence.　Secondly, appellant argued his sentence was void because the trial court failed to properly impose post-release control.　Thirdly, appellant argued his constitutional rights were violated when he was denied the right to present testimony prior to him being classified a sexual predator.　On September 28, 2012, appellant filed a request for findings of fact and conclusions of law.

{¶ 6}　The trial court concluded that, because this matter was not remanded for resentencing and this court overruled appellant's arguments regarding the application of *Foster* and *Blakely*, in actuality, the judgment sentencing appellant was never voided. Finding that the remaining issues raised in the motion for resentencing were barred by the doctrine of res judicata, the trial court denied the motion for resentencing and found moot appellant's request for findings of fact and conclusions of law.

## II. ASSIGNMENTS OF ERROR

{¶ 7}　This appeal followed and appellant brings three assignments of error for our review:

> [I.]　Once the appellate court had determined the petitioner's sentence to be void, it was required to dismiss the case and remand it to the trial court for resentencing, whereupon the trial court could properly discharge its statutory and constitutional duty, with respect to the void judgment in the case subjudice (sic).

> [II.] The trial court imposed a void sentence, when it did not properly impose post release control in open court, and advise the petitioner of the subsequent penalties for a violation of post release control.

> [III.] The petitioner was denied his 4th, 5th, 6th, and 14th amendment rights to a fair hearing when the trial court denied the petitioner the right to hear and present expert testimony, and present witnesses to the court before determining him to be a sexual predator who is likely to re-

offend in the future, rendering the sentence imposed against
him void and requiring re-sentencing.

## III.  DISCUSSION

### A.  First Assignment of Error

{¶ 8}   In his first assignment of error, appellant asserts that this court should have remanded this matter to the trial court for resentencing following *Ragland II*'s determination that his sentence was void under *Foster*.  Because he has not been resentenced, appellant argues his right to a direct appeal has been violated.

{¶ 9}   We recognize that the *Foster* decision employed the word "void" to characterize sentences imposed under unconstitutional provisions of Ohio's statutory sentencing scheme and that the memorandum decision of *Ragland II* mimicked *Foster*'s language.  Nonetheless, it has been clarified by this court, as well as the Supreme Court of Ohio, that sentences imposed pursuant to an unconstitutional statute are not void but voidable.  *State v. Peeks*, 10th Dist. No. 05AP-1370, 2006-Ohio-6256; *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642.

{¶ 10} "A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act."  *Id.* at ¶ 27, citing *State v. Wilson*, 73 Ohio St.3d 40, 44 (1995).  "Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously."  *Id.*, citing *State v. Filiaggi*, 86 Ohio St.3d 230, 240 (1999).  As stated in *Payne*, "[a]pplying these principles, we conclude that *Foster* addressed a situation in which the trial courts had both subject-matter jurisdiction and personal jurisdiction over a defendant.  Courts prior to *Foster* had jurisdiction to impose a sentence within the statutory range after conducting the judicial fact-finding previously required by the statute.  Our holding portions of R.C. 2929.14 unconstitutional rendered some *pre-Foster* sentences erroneous exercises of trial court jurisdiction.  Thus, *pre-Foster* sentences imposed after judicial fact-finding and falling within the statutory range are voidable."  (Footnote omitted.)  *Id*. at ¶ 29.  Thus, *Payne* concluded that defendants with a voidable sentence are entitled to resentencing only upon a successful challenge on direct appeal.  *Id*. at ¶ 30.

{¶ 11} Contrary to appellant's assertion that he has been denied his right to a direct appeal, *Ragland I* was a direct appeal wherein appellant challenged evidence

admissibility, the sufficiency and weight of the evidence, as well as the sexual predator classification. Additionally, appellant was permitted to reopen his appeal and assert arguments concerning the trial court's imposition of non-minimum, consecutive sentences based upon facts not admitted or found by a jury in violation of *Blakely* and *Apprendi.* In *Ragland III*, this court found appellant was unable to establish prejudice resulting from trial counsel's failure to assert a *Blakely* objection at sentencing because the statutory sentencing scheme that existed prior to *Foster* "generally benefited defendants" and "a remand for resentencing would subject appellant to the trial court's full discretion to impose consecutive sentences within the statutory range." *Ragland III* at ¶ 7.

{¶ 12} Based on the foregoing and contrary to his assertion otherwise, we conclude appellant is not entitled to a de novo resentencing nor has he been denied his right to a direct appeal. Accordingly, appellant's first assignment of error is overruled.

### B. Second Assignment of Error

{¶ 13} In his second assignment of error, appellant asserts his sentence is void because post-release control was not properly imposed. Specifically, appellant asserts the trial court failed to impose post-release control in open court and failed to clearly define post-release control in the judgment entry of conviction and sentence. We find these arguments to be barred by the doctrine of res judicata.

{¶ 14} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that "was raised or could have been raised" by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Although res judicata does not preclude review of a "void" sentence, the doctrine "still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus. Thus, to survive the res judicata bar, appellant was required to demonstrate that his sentence was "void." *State v. Reed*, 10th Dist. No. 11AP-792, 2012-Ohio-1612, ¶ 8.

{¶ 15} The imposition of post-release control consists of (1) notification of post-release control at the time of sentencing, and (2) incorporation of post-release control in the sentencing entry. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18-19. Notification at sentencing must, in cases where post-release control is mandatory, include a notification that the offender "will be supervised under [R.C. 2967.28] after the offender leaves prison" and a notification regarding the consequences of violating post-release control. R.C. 2929.19(B)(2)(c). *See also* R.C. 2929.19(B)(2)(e). The sentencing entry must include "a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment, in accordance with that division." R.C. 2929.14(D)(1).

{¶ 16} At the sentencing hearing, the trial court orally notified appellant that "there is a period of post release control of five years that is mandatory under the law." (July 6, 2004 Tr. 19.) The trial court also provided this same notification in a form entitled "Notice (Prison Imposed)," which appellant signed the same day. The notice also informed him of the possible consequences that would result from a violation of his post-release control. Additionally, the sentencing entry states, "the court notified the defendant of the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e)." (July 16, 2004 Entry, 2.)

{¶ 17} According to appellant, the post-release control portion of his sentence is void because post-release control was not properly incorporated into the sentencing entry. We disagree as this court has rejected similar arguments and concluded that post-release control may be properly imposed when such "applicable periods" language in the trial court's sentencing entry is combined with other written or oral notification of the imposition of post-release control. *State v. Darks*, 10th Dist. No. 12AP-578, 2013-Ohio-176, ¶ 12, citing *State v. Myers*, 10th Dist. No. 11AP-909, 2012-Ohio-2733, ¶ 11; *State v. Townsend*, 10th Dist. No. 10AP-983, 2011-Ohio-5056, ¶ 7-14; *State v. Holloman*, 10th Dist. No. 11AP-454, 2011-Ohio-6138, ¶ 11. We have also recognized that, " 'where a sentencing entry incorporates post-release control as part of the sentence, claims that such language was "inartfully phrased" are non-jurisdictional and concern, at most, voidable error that should be raised on direct appeal.' " *Darks* at ¶ 12, quoting *Surella v. Ohio Adult Parole Auth.*, 10th Dist. No. 11AP-499, 2011-Ohio-6833, ¶ 23.

{¶ 18} Appellant also argues that the sentencing entry was deficient because it does not recite the consequences of violating post-release control. However, the entry specifically states that appellant was notified of post-release control, pursuant to R.C. 2929.19(B)(3)(e), which sets forth the consequences of violating post-release control. Regardless, appellant cites no authority—and we find none—for the proposition that post-release control is void where the sentencing entry does not contain a verbatim recitation notifying appellant of the consequences of violating post-release control. *Id.* at ¶ 13. *See State v. Dedonno*, 8th Dist. No. 94732, 2010-Ohio-6361, ¶ 12 ("no court has held the failure to state in the journal entry the consequences of violating postrelease control results in a void sentence"). Therefore, appellant's arguments fail to demonstrate that his sentence was "void" and, thus, cannot survive the res judicata bar.

{¶ 19} Accordingly, appellant's second assignment of error is overruled.

### C. Third Assignment of Error

{¶ 20} In the third assignment of error, appellant challenges the sexual predator classification. This issue was raised in his direct appeal and addressed by this court in *Ragland I*. As such, the arguments raised in appellant's third assignment of error are barred by the doctrine of res judicata.

{¶ 21} Accordingly, appellant's third assignment of error is overruled.

## IV. CONCLUSION

{¶ 22} Having overruled appellant's three assignments of error in their entirety, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

O'GRADY, J., concurs.
DORRIAN, J., dissents.

DORRIAN, J., dissenting.

{¶ 23} I respectfully dissent from the majority and would not address the merits of this case. Rather, I would dismiss this case for lack of a final, appealable order.

{¶ 24} The trial court stated that "[b]ecause the court has ruled on the Motion [for De Novo Resentencing], the Defendant's Request [for conclusions of law and findings of fact] is therefore rendered moot." (May 6, 2013 Decision and Entry, 3.) In *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997), the Supreme Court of Ohio found that, where a

criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21. R.C. 2953.21(G) states "[i]f the court does not find grounds for granting relief [on a petition for postconviction relief], it shall make and file findings of fact and conclusions of law." In *State v. Mapson*, 1 Ohio St.3d 217, 218 (1982), the Supreme Court held that R.C. 2953.21 mandates that a judgment denying postconviction relief include findings of fact and conclusions of law and that a judgment entry filed without such findings is incomplete and, thus, does not commence the running of the time period for filing an appeal therefrom. The court further stated:

> The obvious reasons for requiring findings are "* * * to apprise the petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Jones v. State* (1966), 8 Ohio St.2d 21, 22. The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.

*Id.* at 219.

{¶ 25} Construing *Mapson*, we have held R.C. 2953.21(C) requires that the trial court, after the hearing on the petition, "make and file written findings of fact and conclusions of law upon entering judgment" thereon. The order does not become final and appealable until the findings of fact and conclusions of law are filed. *Mapson*. "Making inadequate or incomplete findings of fact and conclusions of law is error and does not comply with the mandate of R.C. 2953.21(C)." *State v. Eisenhauer*, 10th Dist. No. 84AP-651 (Apr. 18, 1985).

{¶ 26} In *Eisenhauer*, we were asked to review a trial court which did not separately set forth findings of fact and conclusions of law. Upon review of the decision and judgment entry, we determined that the decision adequately addressed the facts and law with respect to some of the issues raised in the petition for postconviction relief (ineffective assistance of counsel), but it did not address or resolve other issues raised.

We determined it was necessary, therefore, to remand this cause to the common pleas court for the making of appropriate findings of fact and conclusions of law in compliance with the mandate of R.C. 2953.21(C).

{¶ 27} Here, in section II of its decision, the trial court found appellant's request for findings of fact and conclusions of law to be moot. Nevertheless, even if we were to construe section I of the trial court's decision, in which it denies the motion for de novo re-sentencing to be findings of fact and conclusions of law, I would find them to be inadequate and incomplete.

{¶ 28} In section I of its decision, the trial court states: "[A]t no time did the Tenth District Court of Appeals remand for re-sentencing or determine that the Defendant's sentence was void." (May 6, 2013 Decision and Entry, 2.) The court then refers to our decisions in *Ragland I* and *Ragland III*. The trial court does not, however, address our statement in *Ragland II*:

> Here, the trial court sentenced Ragland under R.C. 2929.14(B) and 2929.14(E)(4), both of which are provisions the Supreme Court found unconstitutional in *Foster*. Thus, pursuant to *Foster*, Ragland's sentence is void and he is entitled to a new sentencing hearing. Accordingly, we find that a genuine issue exists regarding whether Ragland's counsel was ineffective for not raising a *Blakely* argument in the direct appeal, and we conclude that Ragland is entitled to reopen his appeal to assert this argument.

*Ragland II* at ¶ 6. The court also did not address our statement in *Ragland III* that "[w]e first note that appellant was sentenced before *Foster* had been decided and has yet to be sentenced under *Foster*. Thus, this assignment of error is arguably not ripe for review." *Ragland III* at ¶ 9. Appellant specifically referred the trial court to *Ragland II* at page three of his motion for de novo re-sentencing.

{¶ 29} Furthermore, the trial court did not address appellant's assertion that it imposed a void sentence when it did not properly impose post-release control in open court and advise him of the subsequent penalties for a violation of post-release control.

{¶ 30} Pursuant to *Mapson*, I would find that the trial court's findings are incomplete, and, therefore, the decision did not commence the running of the time period for filing an appeal. Consequently, for lack of a final, appealable order, I would sua sponte

dismiss this appeal and remand this case to the Franklin County Court of Common Pleas for that court to make findings of fact and conclusions of law consistent with R.C. 2953.21(G).

———————————