[Cite as *State v. Cockroft*, 2014-Ohio-1644.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                        :

                                              No. 13AP-532

v.                                                            :       (C.P.C. No. 03CR-6715)

Anthony Cockroft,                                :       (REGULAR CALENDAR)

      Defendant-Appellant.                  :

---

D E C I S I O N

Rendered on April 17, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

*Anthony Cockroft*, pro se.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Defendant-appellant, Anthony Cockroft, appeals from a judgment of the Franklin County Court of Common Pleas denying his March 4, 2013 motion for resentencing. Because postrelease control was not properly imposed, we reverse and remand this matter for resentencing in accordance with the law and this decision.

I. BACKGROUND

{¶ 2} In 2003, appellant was indicted for aggravated robbery, in violation of R.C. 2911.01, aggravated murder with specifications, in violation of R.C. 2903.01, attempted murder, in violation of R.C. 2903.02, and tampering with evidence, in violation of R.C. 2921.12. A jury found appellant guilty as charged in the indictment.

{¶ 3}   The trial judge orally pronounced appellant's sentence on May 13, 2004. Pertinent to this appeal are the following comments regarding postrelease control:

> I do have to advise you with respect to at least when you are released from the institution, you will have a period of post-release control.
>
> If there is a period of post-release control, which I believe there will be, if you commit any violations while you are on post-release control, the sentence could be extended administratively as part of that sentence.   The extension would be for a maximum of one-half the prison term depending on what the post-release control will be at that time.
>
> If you commit any felony offenses while you are on post-release control, any sentence that court would impose would run consecutive.

(Tr. Vol. IV, 163.)  A judgment entry journalizing appellant's sentence was filed on May 19, 2004, stating in pertinent part, "[a]fter the imposition of sentence, the Court notified the Defendant, orally and in writing, of the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e)." (R. 154.)  The record does not reflect that appellant received a "Prison Imposed" notice.  That notice advises a defendant of the imposition of postrelease control.  It includes details such as the length of the term, whether the term is mandatory, and the consequences for violating postrelease control.[1] The only other document in the record from 2004 that refers to postrelease control is a "Disposition Sheet," which is signed by the trial judge and dated May 13, 2004, but is not signed by appellant or appellant's trial counsel.  On that form, a check mark appears next to the indication: "Defendant notified of Bad Time and Post Release Control In [sic] writing and orally."  (R. 162.)  The words "Post Release Control" are circled.

{¶ 4}   Appellant filed a direct appeal to this court.  He did not raise, nor did this court consider, any issues regarding the postrelease control portion of appellant's sentence.  We affirmed the trial court's judgment in 2005.  *State v. Cockroft*, 10th Dist.

---

[1] *See State v. Williams*, 10th Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 4-6, for a description of the "Prison Imposed" notice used in practice before the Franklin County Court of Common Pleas.  The notice may be signed by a defendant on the date of sentencing.  *See id*. at ¶ 4-5; *State v. Williams*, 195 Ohio App.3d 505, 2011-Ohio-4653, ¶ 4 (10th Dist.); *State v. Ragland*, 10th Dist. No. 13AP-451, 2014-Ohio-798, ¶ 16.

No. 04AP-608, 2005-Ohio-748 ("*Cockroft I*").   Subsequently, in *In re Criminal Sentencing Statutes Cases,* 109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 35, the Supreme Court of Ohio remanded the case to the trial court for resentencing pursuant to *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856.

{¶ 5}   On June 1, 2006, the trial court held a new sentencing hearing pertaining to the aggravated robbery, attempted murder, and tampering with evidence charges.  The trial court imposed the same sentences that it originally imposed.  The trial judge did not mention postrelease control during the hearing.  A judgment entry journalizing appellant's sentence was filed on June 16, 2006.  That entry began by restating the contents of the May 19, 2004 sentencing entry in its entirety.[2]   The only language regarding postrelease control was the above-quoted language from 2004.  There is no other documentation in the record referencing postrelease control.

{¶ 6}   Following the resentencing, appellant again appealed to this court and we affirmed.  *State v. Cockroft*, 10th Dist. No. 06AP-752, 2007-Ohio-2217 ("*Cockroft II*").  No issues regarding the postrelease control portion of appellant's sentence were raised or considered.  *Id.*  The Supreme Court refused the discretionary appeal.  *State v. Cockroft*, 115 Ohio St.3d 1412, 2007-Ohio-4884.

{¶ 7}   On March 4, 2013, appellant filed a motion for resentencing with the trial court arguing the court failed to impose a mandatory term of postrelease control during the 2006 resentencing.  The trial court denied appellant's motion.  From that judgment, appellant filed the instant appeal.

## II. ASSIGNMENT OF ERROR

{¶ 8}   Appellant presents us with the following assignment of error for our review:

> THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR RE-SENTENCING: WHERE THEREIN IT WAS SHOWED THAT A MANDATORY TERM OF POST-RELEASE CONTROL HAD NOT BEEN IMPOSED.

## III. DISCUSSION

{¶ 9}   Initially, we note appellant is proceeding pro se and "Ohio courts hold pro se litigants to the same rules and procedures as those litigants who retain counsel."

---

[2] The trial court changed some of the language from present to past tense.

*Williams v. Lo*, 10th Dist. No. 07AP-949, 2008-Ohio-2804, ¶ 18, citing *Whitehall v. Ruckman*, 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 21.  With that in mind, we must address the inconsistency between appellant's merit brief and his reply brief.  In appellant's merit brief, he argues the trial court failed to properly impose postrelease control during the 2006 resentencing.  Thus, he requested the following relief:

> Appellant respectfully request [sic] that this Appellate Court vacate the trial court's denial of Appellant's Motion For Re-sentencing and remand this matter to the trial court for de novo sentencing.

(Appellant's brief, 3.)

{¶ 10} In his reply brief, appellant argues that the June 16, 2006 sentencing entry is not a final appealable order.  He changed his request of this court to the following:

> Clearly the trial court's June 16th re-sentencing journal entry does not constitute a final appealable order: therefore this appeal must be dismissed, with an accompanying order to the trial court ti [sic] issue a final appealable order: Where appellant is entitled to be present in accordance with Crim.R.43(A).

(Appellant's reply brief, 3.)

{¶ 11} The appealability of the June 16, 2006 sentencing entry is not at issue in this appeal.  Furthermore, the arguments in appellant's reply brief are confusing and they fall outside the parameters of his assignment of error.  "[T]his court rules on assignments of error only, and will not address mere arguments."  *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70, citing *In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5.  Accordingly, the arguments in appellant's reply brief will not be considered.

{¶ 12} Pursuant to his single assignment of error, appellant argues that the June 16, 2006 judgment entry journalizing his June 1, 2006 resentencing is void because the trial court failed to properly impose a mandatory term of postrelease control at resentencing.  Thus, appellant contends the trial court erred in denying his motion for resentencing.  We agree that error occurred.

{¶ 13} We recognize, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and

must be set aside." (Emphasis sic.)  *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26  Furthermore, "a void postrelease control sentence is not precluded from appellate review by principles of res judicata and may be attacked at any time."  *State v. Quintanilla*, 10th Dist. No. 13AP-388, 2013-Ohio-5711, ¶ 10, citing *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, ¶ 10.

{¶ 14} In this district, we have "applied a 'totality of the circumstances' test to determine whether or not the defendant was properly notified of post-release control." *State v. Boone*, 10th Dist. No. 11AP-1054, 2012-Ohio-3653, ¶ 25, quoting *State v. Williams*, 10th Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 23; *State v. Jordan*, 10th Dist. No. 13AP-666, 2014-Ohio-1193, ¶ 10.  Based on that approach, we have concluded "the trial court sufficiently fulfilled its statutory obligations when, taken as a whole, its oral and written notifications, including those at the sentencing hearing, properly informed the defendant of post-release control." *State v. Wilcox*, 10th Dist. No. 13AP-402, 2013-Ohio-4347, ¶ 4, citing *State v. Clark*, 2d Dist. No. 2012 CA 16, 2013-Ohio-299, ¶ 59, citing *Boone* at ¶ 18, citing *State v. Mays*, 10th Dist. No. 10AP-113, 2010-Ohio-4609, and *State v. Townsend*, 10th Dist. No. 10AP-983, 2011-Ohio-5056; *Jordan* at ¶ 10.

{¶ 15} After reviewing our precedent in this area, we find that the circumstances in this case are substantially similar to the circumstances in *State v. Williams*, 195 Ohio App.3d 505, 2011-Ohio-4653 (10th Dist.), such that our analysis in that case guides our actions here.  In *Williams*, we concluded that the trial court did not properly impose postrelease control.  As in this case, the original sentencing entry in *Williams* stated, " '[a]fter the imposition of sentence, the Court notified the Defendant, orally and in writing, of the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e).' "  *Id*. at ¶ 2.  During the sentencing hearing, the trial judge orally advised the defendant of a mandatory period of postrelease control, but did not tell him the length of that period or inform him of the potential sanctions for violating postrelease control.  *Id*. Additionally, the record did not reflect that the defendant received a standard "Prison Imposed" notice, which would have advised him of the imposition of postrelease control, the length of the term, and the consequences for violating postrelease control.  *See id*.; *see also Williams*, 2011-Ohio-6231, at ¶ 4-6 (describing the "Prison Imposed" notice).

{¶ 16} The trial court subsequently held a resentencing hearing but did not orally advise the defendant about postrelease control. *Williams*, 2011-Ohio-4653, at ¶ 4, 16. The judgment entry issued following resentencing stated, " '[t]he Court previously notified the Defendant, orally and in writing, of the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d), and (e).' " *Id.* at ¶ 5. The record did not reflect that the defendant signed a "Prison Imposed" notice at the resentencing hearing. *Id.* at ¶ 4. Following our review of the law and the record, this court concluded that the trial court in *Williams* did not properly impose postrelease control at either the original sentencing or the resentencing. We remanded the case for resentencing limited to properly imposing postrelease control.

{¶ 17} In the case at bar, the original sentencing entry has the exact same language pertaining to postrelease control as the original sentencing entry in *Williams*, 2011-Ohio-4653. The content of the judgment entries commemorating both individual's resentencing is substantially similar. Appellant's entry restates, verbatim, the "applicable periods" language from the original entry. Williams' entry harkened back to the original sentencing and quoted the "applicable periods" language from the original entry in part. Neither appellant nor Williams received an oral notification regarding postrelease control during resentencing, and neither record contains a "Prison Imposed" notice.

{¶ 18} The oral notification appellant received during his original sentencing is different than the notification Williams received. Appellant was advised that he would be subject to postrelease control following his release from prison. However, at the original sentencing, the court was unclear about the mandatory nature and term of postrelease control. Furthermore, at his resentencing, the court made no pronouncement regarding the mandatory nature of postrelease control and the terms. As this court noted in *Williams*, citing the Supreme Court of Ohio's opinion in *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, "when [the] trial court failed to notify the offender of the mandatory nature of the post-release control term and of the length of that term and to incorporate such notification into its sentencing entry, 'the court failed to satisfy the most basic requirement of R.C. 2929.191 and our existing precedent.' " *Williams*, 2011-Ohio-4653, ¶ 15, fn. 2, quoting *Bloomer* at ¶ 69. The *Williams* court went on to note the significance of a "Prison Imposed" notice:

> As an alternative to an oral notification made during the course of the hearing in which the trial court personally advises the offender of postrelease control, this court has sometimes relied upon the use of the "Prison Imposed" notice to meet the requirement that appellant be notified at the sentencing hearing of the imposition of postrelease control * * *. See *State v. Mays*, 10th Dist. No. 10AP-113, 2010-Ohio-4609; *State v. Chandler*, 10th Dist. No. 10AP-369, 2010-Ohio-6534; *State v. Easley*, 10th Dist. No. 10AP-505, 2011-Ohio-2412; and *State v. Cunningham*, 10th Dist. No. 10AP-452, 2011-Ohio-2045. We have also determined that this same notice can work in conjunction with the judgment entry to provide the required notice.

*Id.* at ¶ 16. One of our more recent decisions shows this remains true. *Jordan* at ¶ 11-13.

{¶ 19} The same cannot be said about the "Disposition Sheet" that appears in the record in this case. We have identified a disposition sheet in past cases; however, it has not been relied on in determining whether a defendant was properly notified of postrelease control to the same extent as the "Prison Imposed" notice. *Compare Jordan* and *Williams*, 2011-Ohio-4653, to *Mays* and *State v. Addison*, 10th Dist. No. 10AP-554, 2011-Ohio-2113, ¶ 16-17; *see also Boone*. Moreover, although the "Disposition Sheet" in this case indicates, via a check mark and the trial judge's signature, that appellant was notified of postrelease control in writing and orally, that statement is not supported by the record as a whole. *See Williams*, 2011-Ohio-4653, at ¶ 18. Therefore, we conclude that the trial court failed to properly impose postrelease control at either appellant's original sentencing or at resentencing. That part of appellant's sentence is void and must be set aside.

{¶ 20} The state contends "there is no 'void' sentence problem" in this case because both the 2004 and 2006 sentencing entries notify appellant of the "applicable periods" of postrelease control. (Appellee's brief, 4.) The state misapplies our precedent with regard to "applicable periods" language. It is established in this district that "post-release control may be properly imposed when * * * 'applicable periods' language in the trial court's sentencing entry *is combined with other written or oral notification of the imposition of post-release control.*" (Emphasis added.) *State v. Ragland*, 10th Dist. No. 13AP-451, 2014-Ohio-798, ¶ 17, citing *State v. Darks*, 10th Dist. No. 12AP-578, 2013-Ohio-176, ¶ 12,

citing *State v. Myers*, 10th Dist. No. 11AP-909, 2012-Ohio-2733, ¶ 11; *Townsend* at ¶ 7-14; *State v. Holloman*, 10th Dist. No. 11AP-454, 2011-Ohio-6138, ¶ 11. The other written and oral notifications in this case are simply deficient.

{¶ 21} As a result, appellant contends that he is entitled to de novo resentencing. He is mistaken. Both appellant's original sentencing and resentencing occurred before July 11, 2006, which was the enactment date of R.C. 2929.191. R.C. 2929.191 "provides courts with a procedure to correct post-release control errors. * * * In 2009, the Supreme Court held that R.C. 2929.191 only applies retrospectively to those offenders sentenced after its July 2006 enactment." *Wilcox* at ¶ 6. Thus, R.C. 2929.191 does not apply to appellant. In *Wilcox*, we observed:

> In *Fischer*, the [Supreme Court of Ohio] considered sentences lacking post-release control notification that were imposed prior to the effective date of R.C. 2929.191. In so doing, the court determined that such sentences were only partially void, and could be corrected to properly impose post-release control with a limited sentencing hearing. * * * Therefore, a sentence lacking post-release control notification does not entitle a criminal defendant to a de novo sentencing hearing; rather, the defendant is entitled to be resentenced only on the post-release control portion of his or her sentence.

*Id.* at ¶ 7, citing *Fischer* at ¶ 10, 28-29. Accordingly, appellant is only entitled to be resentenced regarding the postrelease control portion of his sentence.

{¶ 22} Finally, we note "that an individual sentenced for aggravated murder is not subject to post-release control because that crime is an unclassified felony to which the post-release control statute does not apply." *Id.* at ¶ 10, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 36, citing R.C. 2967.28. However, "[w]hen a defendant has been convicted of both an offense that carries mandatory post-release control and an unclassified felony to which post-release control is inapplicable, the trial court's duty to notify of post-release control is not negated." *Id.*, citing *State v. Brown*, 8th Dist. No. 95086, 2011-Ohio-345, ¶ 8, citing *State v. Taylor*, 2d Dist. No. 20944, 2006-Ohio-843.

## IV. CONCLUSION

{¶ 23} Accordingly, appellant's assignment of error is sustained to the extent explained above, and the judgment of the Franklin County Court of Common Pleas is

reversed.  We remand this case for resentencing limited to properly imposing postrelease control as part of appellant's sentence consistent with the mandates of the law and this decision.

*Judgment reversed*
*and cause remanded with instructions.*

BROWN and DORRIAN, JJ., concur.

––––––––––––––