**The STATE of Ohio, Appellee,**

v.

**SMITH, Appellant.**

[Cite as *State v. Smith* (1993), 89 Ohio App.3d 497.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–413.

Decided Sept. 21, 1993.

*Michael Miller*, Franklin County Prosecuting Attorney, *Joyce S. Anderson* and *Steven L. Taylor*, Assistant Prosecuting Attorneys, for appellee.

*Dennis C. Belli*, for appellant.

TYACK, Judge.

Samuel E. Smith became involved in an altercation outside a bar named "Touch of Class." During the altercation, Clay Dockery was shot and killed. Smith was charged with violating R.C. 2903.02, "murder," which reads:

"(A) No person shall purposely cause the death of another.

"(B) Whoever violates this section is guilty of murder, and shall be punished as provided in section 2929.02 of the Revised Code."

A gun specification was charged in the indictment. Smith was convicted of murder and was sentenced pursuant to R.C. 2929.02(B), which reads:

"Whoever is convicted of, pleads guilty to, or pleads no contest and is found guilty of, murder in violation of section 2903.02 of the Revised Code shall be

imprisoned for an indefinite term of fifteen years to life. In addition, the offender may be fined an amount fixed by the court, but not more than fifteen thousand dollars."

The trial court also sentenced Smith to a three-year term of actual incarceration for the gun specification. The conditions under which a gun specification can form the basis for an enhanced sentence are set forth in R.C. 2929.71(A), which reads:

"The court shall impose a term of actual incarceration of three years in addition to imposing a life sentence pursuant to section 2907.02, 2907.12, or 2929.02 of the Revised Code or an indefinite term of imprisonment pursuant to section 2929.11 of the Revised Code, if all of the following apply:

"(1) The offender is convicted of, or pleads guilty to, any felony other than a violation of section 2923.12 of the Revised Code.

"(2) The offender also is convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony.

"(3) Section 2929.72 of the Revised Code is inapplicable.

"The three-year term of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentence or the indefinite term of imprisonment."

Smith (hereinafter "appellant") has pursued a timely appeal, setting forth three assignments of error for our consideration:

"1. The common pleas court's imposition of a three year term of actual incarceration for possession of a firearm in addition to a fifteen year to life term of incarceration for murder contravenes R.C. 2929.71(A) and constitutes error.

"2. Defendant-appellant's conviction for murder is not supported by sufficient evidence of a specific intent to kill.

"3. Defendant-appellant's conviction for murder is against the manifest weight of the evidence on the elements of identity, causation, and intent."

The first assignment of error calls for a technical analysis of the applicable statutes. R.C. 2929.71 sets forth four circumstances under which an individual can have his or her sentence enhanced for using a firearm in the commission of a crime: first, if a person commits a violation of R.C. 2907.02 (rape) and receives a life sentence; second, if a person is convicted of R.C. 2907.12 (felonious sexual penetration) and receives a life sentence; third, if the person is sentenced to a life sentence pursuant to R.C. 2929.02; and fourth, if the person is sentenced to an indefinite sentence pursuant to R.C. 2929.11.

Appellant's argument is that the sentence of fifteen years to life for a conviction on a murder charge is neither a life sentence nor an indefinite sentence pursuant to R.C. 2929.11. Therefore, appellant suggests that an enhanced term for use of a firearm cannot be applied to a murder sentence.

The legislature clearly intended to enhance the sentence for those who kill while using a firearm. No vagueness can be suggested as to the sentence resulting for a conviction for aggravated murder, voluntary manslaughter or involuntary manslaughter. No reason can be suggested why the legislature would exempt murder from the sentencing enhancement while allowing the enhancement for lesser-included offenses. We note R.C. 1.47, which reads:

"In enacting a statute, it is presumed that:

"(A) Compliance with the constitutions of the state and of the United States is intended;

"(B) The entire statute is intended to be effective;

"(C) A just and reasonable result is intended;

"(D) A result feasible of execution is intended."

We also note that the two sexual offenses which involve life sentences do involve a possibility for parole so are, as a practical matter, indefinite sentences. Defining a murder sentence as fifteen years to life has the effect of setting as part of the sentence the minimum term from which parole eligibility can be computed.

Under the circumstances, we construe "life sentence" as included in R.C. 2929.71 to mean a sentence which has a statutory maximum of life imprisonment. Therefore, a gun specification can appropriately lead to an added period of incarceration. The first assignment of error is overruled.

The second and third assignments of error call for us to analyze and evaluate the evidence before the trial court as to the various elements. In performing this analysis, we are bound by paragraph two of the syllabus to *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, which reads:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (*Jackson v. Virginia* [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)"

The elements of murder are set forth above. Since Dockery died as the result of a gunshot which pierced his aorta and left lung, no doubt can be suggested as to the fact that someone caused his death.

The second assignment of error suggests that appellant did not purposely cause the death. "Purposely" is defined in R.C. 2901.22(A) as follows:

"A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

Thus, the issue becomes whether or not appellant had the specific intention to cause the death of another human being. The evidence in the record shows that appellant pointed a nine millimeter pistol at a group of individuals who were less than twenty feet away. He then fired at least one shot. These acts are strong indication that appellant at least intended to *shoot* someone. Given the close range and caliber of the firearm, a trier of fact could construe the intention to shoot as proof of an intention to kill. If the intention to kill was directed at the deceased, then the "purposely" element was satisfied directly. If the intention to kill was not focused on a given target or was fastened on a target other than the deceased, the doctrine of transferred intent would cause the element to be satisfied. Either way, the element of "purposely" was adequately proved. The second assignment of error is overruled.

■ The manifest weight of the evidence also corresponds with the guilty verdict. Several witnesses at trial testified that appellant shot Dockery. The observations about intent which are set forth above also apply to the weight of the evidence as to intent. A number of witnesses testified that appellant pointed a gun in the direction of the deceased and fired. This testimony, if believed, would constitute sufficient evidence and evidence which corresponded with the manifest weight, given the medical testimony and physical evidence. Therefore, the third assignment of error is also overruled.

All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

WHITESIDE and DESHLER, JJ., concur.