[Cite as *State v. Mack*, 2014-Ohio-1648.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-884 |
| v. | : | (C.P.C. No. 94CR-201) |
| Levio D. Mack, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 17, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Levio D. Mack*, pro se.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Defendant-appellant, Levio D. Mack, appeals from a judgment entry entered by the Franklin County Court of Common Pleas denying his motion for issuance of a final appealable order. For the following reasons, we affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In January 1994, appellant was indicted on the following charges: Count 1, aggravated murder with two capital specifications and one firearm specification, Count 2, aggravated robbery with three specifications, Count 3, aggravated robbery with one specification, and Count 4, aggravated arson with one specification. He entered a guilty plea to a stipulated lesser included offense of Count 1, aggravated murder without the capital specifications but with the firearm specification, in violation of R.C. 2903.01, and

Count 3, aggravated robbery without the specification, in violation of R.C. 2911.01. The trial court entered a nolle prosequi for Counts 2 and 4. In June 1994, the court sentenced appellant on Count 1 to 20 years to life with an additional 3 years actual incarceration for use of a firearm. On Count 3, he received 6 to 25 years to be served consecutively with the sentence on Count 1.

{¶ 3} Appellant filed a direct appeal to this court which we dismissed for failure to prosecute. The Supreme Court of Ohio denied appellant's motion to file a delayed appeal from our decision. In 1999, appellant filed a motion in this court, which we construed as one for a delayed appeal; we granted the motion but ultimately affirmed the trial court's judgment on grounds unrelated to the issues in the present appeal. The Supreme Court denied appellant leave to appeal from our affirmance.

{¶ 4} In 2004, appellant filed a motion in the trial court to withdraw his guilty plea which the court denied. In 2013, appellant filed a motion for issuance of a final appealable order which the trial court interpreted as a petition for postconviction relief. The trial court denied the petition because it was untimely, barred by res judicata, and lacked merit.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellant appeals and assigns the following errors for our review:

ASSIGNMENT OF ERROR NO. 1

Whether the trial court's recharacterization of appellant's motion for issuance of a final appealable order as a postconviction relied [sic] petition, untimely, and barred by res judicata offends due process and implicates fundamental fairness.

ASSIGNMENT OF ERROR NO. 2

Whether the trial court's failure to "inquire" and "determine" the existence of an allied offense of similar import did violate due process and the Fifth Amendment's Double Jeopardy Clause, which protections cannot be waived.

## III. DISCUSSION

{¶ 6}   Under his first assignment of error, appellant contends the trial court erred when it construed his 2013 motion as a petition for postconviction relief and denied it as untimely and barred by res judicata. Appellant argues his judgment of conviction is void and he can attack it any time because he did not receive a three-judge panel under R.C. 2945.06 and Crim.R. 11(C)(3), and the trial court never made an allied offenses of similar import determination. Under his second assignment of error, appellant makes additional arguments as to how the trial court's failure to consider the allied offenses issue violated his constitutional rights and rendered the judgment against him void. Because the assigned errors are interrelated, we address them together.

{¶ 7}   We have previously affirmed the characterization of a motion claiming a violation of R.C. 2945.06 and Crim.R. 11(C)(3) as a petition for postconviction relief. *State v. Tucker*, 10th Dist. No. 12AP-158, 2012-Ohio-3477, ¶ 3, 5-8.  But regardless of how the trial court characterized the motion in this case, the court correctly denied it on res judicata grounds. "Under the doctrine of res judicata, a final judgment of conviction precludes a defendant from raising and litigating any defense or claimed lack of due process that he could have raised on direct appeal from a judgment." *State v. Smith*, 10th Dist. No. 13AP-129, 2013-Ohio-4674, ¶ 8, citing *State v. Slager*, 10th Dist. No. 11AP-794, 2012-Ohio-3584, ¶ 11, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus; *State v. Jama*, 10th Dist. No. 11AP-210, 2012-Ohio-2466, ¶ 44 ("In Ohio, res judicata bars consideration of issues that could have been raised on direct appeal."). "Although res judicata does not preclude review of a 'void' sentence, the doctrine 'still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.' " *State v. Ragland*, 10th Dist. No. 13AP-451, 2014-Ohio-798, ¶ 14, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus. Thus, the doctrine bars attacks on voidable judgments but not void judgments.

{¶ 8}   Appellant could have, but failed to raise his three-judge panel and allied offenses arguments in his direct appeal. Contrary to appellant's contention, even if the trial court erred in the manner he claims, such errors would render his judgment of

conviction voidable, not void. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, syllabus ("The failure of a court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the trial court's judgment void ab initio and subject to collateral attack * * *. It constitutes an error in the court's exercise of jurisdiction that must be raised on direct appeal."); *Tucker* at ¶ 7, 13 (judgment that does not comply with R.C. 2945.06 and Crim.R. 11(C) is voidable, not void); *State Greenberg*, 10th Dist. No. 12AP-11, 2012-Ohio-3975, ¶ 12, citing *State v. Timmons,* 10th Dist. No. 11AP-895, 2012-Ohio-2079, ¶ 11 (allied offenses error renders sentence voidable, not void).

## IV. CONCLUSION

{¶ 9} Therefore, the trial court properly denied appellant's motion based on res judicata, and appellant's remaining arguments are moot. Accordingly, we overrule both assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

———————————