[Cite as *State v. Hayden*, 2014-Ohio-5107.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                      :

v.                                               :          No. 14AP-361
                                                       (C.P.C. No. 92CR-08-4336)
Samuel R. Hayden, Jr.,                           :

      Defendant-Appellant.                     :          (REGULAR CALENDAR)

 

D E C I S I O N

Rendered on November 18, 2014

 

*Ron O'Brien*, Prosecuting Attorney, and *Laura M. Swisher*, for appellee.

*Samuel R. Hayden, Jr.,* pro se.

 

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Samuel R. Hayden, Jr., is appealing from the refusal of the Franklin County Court of Common Pleas to set aside his judgment and sentence journalized years ago. He assigns two errors for our consideration:

> [I.] Whether the "recharacterization" or "reclassification" of a proceeding which challenges a sentence that is void (wherein the trial court did patently exceed its jurisdiction as defined in and under: O.R.C. § 2945.06) rendering the judgment void (as a matter of law) excuses a trial court from correcting its error when apparent on the record.

> [II.] Whether the doctrine of res judicata is applicable to a judgment which facially void.

{¶ 2} Hayden was indicted over 20 years ago. He was charged with two counts of aggravated murder with death penalty specifications and one count of aggravated

robbery.  He and his counsel worked out a plea bargain under the terms of which he pled guilty to one count of aggravated murder with death penalty specifications and a firearm specification.  He also pled guilty to robbery.

{¶ 3}  Hayden was sentenced to 20 years to life on the death penalty charge and 3 years as a result of the firearm specification.  He also was sentenced to a term of incarceration of 3-to-15 years as a result of the robbery conviction.  All the sentences were ordered to run consecutively.  The practical result was that he was to serve a term of 26 years to life.

{¶ 4}  The entry of guilty plea form makes it clear the parties had agreed to remove the possibility of a death sentence from consideration as a part of the plea bargain.  The part of the guilty plea form which informed Hayden of his potential sentences did not list death as a possible sentence, but terms of incarceration as the only possible sentences.

{¶ 5}  The trial judge who accepted the plea and later sentenced Hayden, gave Hayden the lesser of the two sentences possible for aggravated murder with a death penalty specification.  The sentencing possibilities were 20 years to life of incarceration or 30 years to life of incarceration.  As noted earlier, Hayden received additional terms of incarceration for the use of a firearm and for being guilty of robbery.

{¶ 6}  Over 20 years after the plea and sentencing, Hayden filed a motion pointing out the problems resulting from the parties and trial judge not following the technical aspects of the law at the time the pleas were entered.  Specifically, Hayden asserts the trial court erred in failing to convene a three-judge panel to accept his guilty plea and pronounce his sentence.  Hayden titled his motion as a "Motion for Issuance of a Final Appealable Order."  The trial court treated Hayden's motion as a petition for post-conviction relief.  Because so much time had elapsed, the court denied relief on the grounds the petition for post-conviction relief was not filed in a timely fashion and that res judicata barred claims that should have been raised on direct appeal.

{¶ 7}  We will address appellant's assignments of error together for ease of discussion.  Appellant first contends the court improperly construed his motion as a post-conviction petition.  Appellant argues he was improperly sentenced by a single judge instead of a three-judge panel, as required by R.C. 2945.06 and Crim.R. 11(C)(3).  Because his sentence is allegedly void, appellant asserts he can raise this issue at any time.

Appellant also contends some of his charges were allied offenses that should merge for sentencing purposes.  We disagree.

{¶ 8}  We recently affirmed a trial court's decision to construe a motion claiming a violation of R.C. 2945.06 and Crim.R. 11(C)(3) as a petition for post-conviction relief. *State v. Mack,* 10th Dist. No. 13AP-884, 2014-Ohio-1648.  Regardless of how the petition is characterized, the court correctly denied the motion on res judicata grounds.  "Under the doctrine of res judicata, a final judgment of conviction precludes a defendant from raising and litigating any defense or claimed lack of due process that he could have raised on direct appeal from a judgment." *State v. Smith*, 10th Dist. No. 13AP-129, 2013-Ohio-4674, ¶ 8, citing *State v. Slager*, 10th Dist. No. 11AP-794, 2012-Ohio-3584, ¶ 11, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus; *State v. Jama*, 10th Dist. No. 11AP-210, 2012-Ohio-2466, ¶ 44 ("In Ohio, res judicata bars consideration of issues that could have been raised on direct appeal."). "Although res judicata does not preclude review of a 'void' sentence, the doctrine 'still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the  ensuing sentence.' " *State v. Ragland*, 10th Dist. No. 13AP-451, 2014-Ohio-798, ¶ 14, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus.  Thus, the doctrine bars attacks on voidable judgments but not void judgments.

{¶ 9}  Appellant did not raise his sentencing arguments in a direct appeal.  Therefore, even if the court erred in the manner appellant claimed, this error would render his judgment voidable, not void.  In *Pratts v. Hurley*, 102 Ohio St.3d 81 (2002), the Supreme Court of Ohio determined the failure to convene a three-judge panel must be raised on direct appeal and "does not constitute a lack of subject matter jurisdiction that renders the court's judgment void ab initio and subject to collateral attack."  *State v. Tucker*, 10th Dist. No. 12AP-158, 2012-Ohio-3477, ¶ 7, 13 (judgment that does not comply with R.C. 2945.06 and Crim.R. 11(C) is voidable, not void); *State Greenberg*, 10th Dist. No. 12AP-11, 2012-Ohio-3975, ¶ 12, citing *State v. Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, ¶ 11 (allied offenses  error renders sentence voidable, not void). Because appellant's sentence was not void, the trial court properly found his arguments should have been raised on direct appeal.

{¶ 10} We therefore overrule the two assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

O'GRADY and LUPER SCHUSTER, JJ., concur.

_____