[Cite as *State v. Netter*, 2014-Ohio-5668.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-544 |
| v. | : | (C.P.C. No. 99CR-6674) |
| Gregory Netter, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 23, 2014

*Ron O'Brien,* Prosecuting Attorney, and *Laura R. Swisher,* for appellee.

*Gregory Netter,* pro se.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Defendant-appellant, Gregory Netter, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to vacate his conviction and sentence. For the reasons that follow, we affirm the judgment of the trial court.

**A. Facts and Procedural History**

{¶ 2} On January 31, 2000, a Franklin County Grand Jury indicted appellant on charges of aggravated murder with a death penalty specification, murder, aggravated robbery, and kidnapping. Each of the charges contained a firearm specification. Appellant was also charged with having a weapon while under disability. On November 16, 2000, appellant entered a plea of guilty to aggravated murder with a 3-year firearm specification. Pursuant to a plea agreement, the prosecutor withdrew all other counts in the indictment and all other specifications, including the death penalty specification. The

trial court convicted appellant of aggravated murder and sentenced him to a prison term of 20 years to life, with an additional 3 years for the firearm specification.

{¶ 3} On August 31, 2012, more than 11 years after the trial court imposed sentence, appellant filed a motion with the trial court seeking to overturn his conviction and sentence. The stated grounds for the motion are that Crim.R. 11(C)(3) and R.C. 2945.06 require a three-judge panel to determine his guilt of the charge of aggravated murder and to pronounce sentence. Appellant claimed that because the trial court failed to comply with the statute and rule, his conviction and sentence are void.

{¶ 4} On June 19, 2014, the trial court denied appellant's motion. Appellant filed a timely notice of appeal to this court on July 14, 2014.

## B. Assignments of Error

{¶ 5} App.R. 16(A) requires that an "appellant shall include in its brief, under the headings and in the order indicated * * * [a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected," and a "statement of the issues presented for review, with references to the assignments of error to which each issue relates." App.R. 16(A)(3) and (4). Appellant's brief does not satisfy either of these requirements.

{¶ 6} Nevertheless, the assignment of error is readily discernible from appellant's argument and appellee's brief contains a response to appellant's "assignment of error." (Appellee's brief, 3.) There being no prejudice to appellee resulting from appellant's failure to comply with App.R. 16(A)(3) and (4), we will review this appeal based on the following assignment of error:

> I. The trial court erred when it denied appellant's motion to vacate his conviction and sentence.

## C. Standard of Review

{¶ 7} As a general rule, "[w]here a criminal defendant files a 'motion for sentencing' arguing a denial of rights and seeking to void a judgment and vacate sentencing subsequent to his or her direct appeal, the motion will be treated as a petition for postconviction relief." *State v. Draughon,* 10th Dist. No. 13AP-345, 2014-Ohio-1460, citing *State v. Bankston,* 10th Dist. No. 13AP-250, 2013-Ohio-4346, ¶ 7. The appropriate standard for reviewing a trial court's decision to dismiss a petition for post-conviction

relief, without an evidentiary hearing, involves a mixed question of law and fact. *Id.* citing *State v. Tucker*, 10th Dist. No. 12AP-158, 2012-Ohio-3477, ¶ 9. This court must apply a manifest-weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo. *Id.* Inasmuch as appellant's challenge to his conviction and sentence raises a purely legal issue, we will apply a de novo standard of review.

**D. Legal Analysis**

{¶ 8} R.C. 2945.06 provides in relevant part as follows:

> In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code, any judge of the court in which the cause is pending shall proceed to hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury. * * * If the accused pleads guilty of aggravated murder, *a court composed of three judges* shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly.

(Emphasis added.)

{¶ 9} Crim.R. 11(C)(3) states in pertinent part:

> With respect to aggravated murder * * * If the indictment contains one or more specifications that are not dismissed upon acceptance of a plea of guilty or no contest to the charge, or if pleas of guilty or no contest to both the charge and one or more specifications are accepted, *a court composed of three judges shall:* (a) determine whether the offense was aggravated murder or a lesser offense; and (b) if the offense is determined to have been a lesser offense, impose sentence accordingly; or (c) if the offense is determined to have been aggravated murder, proceed as provided by law to determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances, and impose sentence accordingly.

(Emphasis added.)

{¶ 10} Appellant argues that Crim.R. 11(C)(3) and R.C. 2945.06 required a three-judge panel to determine his guilt and to pronounce sentence because he was indicted for

aggravated murder with a death penalty specification. Appellant claims that the trial court's failure to comply with the statute and rule renders his conviction and sentence void ab initio. Appellee argues that a three-judge panel is not required where the state dismisses the death penalty specification pursuant to a plea agreement. The trial court agreed with appellee and denied appellant's motion.

{¶ 11} This court recently decided a case involving a similar violation of Crim.R. 11(C)(3) and R.C. 2945.06 in *State v. Hayden*, 10th Dist. No. 14AP-361, 2014-Ohio-5107. In that case, the defendant filed a "Motion for Issuance of a Final Appealable Order" more than 20 years after the trial court convicted him and pronounced sentence. Therein, the defendant asserted that the trial court erred in failing to convene a three-judge panel to accept his guilty plea and pronounce his sentence and that his conviction and sentence were rendered void. Relying on our prior decision in *State v. Mack*, 10th Dist. No. 13AP-884, 2014-Ohio-1648, we held that res judicata barred defendant from obtaining relief from his conviction and sentence "regardless of how the petition is characterized." *Hayden* at ¶ 8. In so holding, we set forth our reasoning as follows:

> "Although res judicata does not preclude review of a 'void' sentence, the doctrine 'still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.' " *State v. Ragland*, 10th Dist. No. 13AP-451, 2014-Ohio-798, ¶ 14, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus. Thus, the doctrine bars attacks on voidable judgments but not void judgments.
>
> Appellant did not raise his sentencing arguments in a direct appeal. Therefore, even if the court erred in the manner appellant claimed, this error would render his judgment voidable, not void. In *Pratts v. Hurley*, 102 Ohio St.3d 81 (2002), the Supreme Court of Ohio determined the failure to convene a three-judge panel must be raised on direct appeal and "does not constitute a lack of subject matter jurisdiction that renders the court's judgment void ab initio and subject to collateral attack." *State v. Tucker,* 10th Dist. No. 12AP–158, 2012-Ohio-3477, ¶ 7, 13 (judgment that does not comply with R.C. 2945.06 and Crim.R. 11(C) is voidable, not void). * * * Because appellant's sentence was not void, the trial court properly found his arguments should have been raised on direct appeal.

*Id.* at ¶ 8-9.

{¶ 12} Appellant's motion raises the same issue we addressed in *Hayden,* and under virtually the same facts. Here, as in *Hayden*, appellant failed to raise the alleged sentencing errors in a direct appeal from his conviction and sentence. In fact, the record shows that we denied appellant's motion for delayed appeal on January 22, 2002. Accordingly, under *Hayden*, even if we were to accept appellant's assertion that the trial court erred by failing to convene a three-judge panel to determine his guilt and to impose sentence, such an error would render the conviction and sentence voidable, not void. Because the conviction and sentence are not void, appellant should have raised his arguments in a direct appeal to this court. Appellant's failure to do so bars him from raising the issues by way of a post-conviction motion, regardless of how the motion is characterized. *Hayden, Mack.*

{¶ 13} Based upon the foregoing, we find that res judicata barred appellant from raising a violation of Crim.R. 11(C)(3) and R.C. 2945.06 as a basis for obtaining relief from his conviction and sentence. Thus, we conclude that the trial court did not err in denying appellant's motion, albeit for different reasons. Appellant's sole assignment of error is overruled.

## E. Conclusion

{¶ 14} Having overruled appellants' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J. and DORRIAN, J., concur.

_____