[Cite as *State v. Mack*, 2017-Ohio-7417.]

IN THE COURT OF APPEALS OF OHIO

TENThH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-680<br>(C.P.C. No. 94CR-201) |
| Levio D. Mack, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 31, 2017

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Michael P. Walton,* for appellee.

**On brief:** *Levio D. Mack,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Levio D. Mack, pro se, appeals from a September 12, 2016 judgment of the Franklin County Court of Common Pleas denying appellant's motion for sentencing. For the following reasons, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant confessed to having shot the victim, Edgar Pettus, while robbing him and then attempting to start a fire to hide the evidence. On January 14, 1994, appellant was indicted on the following charges: Count 1 of the indictment, aggravated murder with two capital specifications and one firearm specification; Count 2 of the indictment, aggravated robbery with three specifications; Count 3 of the indictment, aggravated robbery with one specification; and Count 4 of the indictment, aggravated arson with one specification.

{¶ 3} On May 31, 1994, appellant entered guilty pleas to a stipulated lesser included offense of Count 1 of the indictment, aggravated murder without the capital

specifications but with the firearm specification, and Count 3 of the indictment, aggravated robbery without the specification. The trial court's judgment entry stated, in pertinent part:

> The Court finds that on May 31, 1994, the Defendant entered pleas of guilty to the stipulated lesser included offense of Count One of the indictment, to wit: Aggravated Murder without death specifications, but with firearm specification in violation of R.C. 2903.01, *a Felony of the First degree*; and to Count Three of the indictment, to wit: Aggravated Robbery without specification in violation of R.C. 2911.01, a Felony of the First degree, and was found guilty of said charges by the Court.

(Emphasis added.) (June 1, 1994 Jgmt. Entry at 1.)

{¶ 4}   The trial court imposed a sentence of 20 years to life with respect to the aggravated murder charge, 3 additional years as to the firearm specification, and 6 to 25 years on the aggravated robbery charge.  All prison terms were ordered to be served consecutively.  Eventually, appellant filed a direct appeal and this court affirmed. *State v. Mack*, 10th Dist. No. 94APA07-992 (Aug. 10, 1999).

{¶ 5}   In the years that followed appellant's conviction, he has filed a number of motions that the trial court has construed as petitions for postconviction relief. As relevant to this appeal, on September 13, 2013, appellant filed a "MOTION FOR ISSUANCE OF A FINAL APPEALABLE ORDER."  On October 1, 2013, the trial court overruled the motion as untimely, barred by res judicata, and otherwise lacking merit. Appellant filed a timely notice of appeal and this court affirmed. *State v. Mack*, 10th Dist. No. 13AP-887, 2014-Ohio-1648.

{¶ 6}   On October 22, 2015, appellant filed a motion for sentencing, arguing that the trial court's sentencing entry of June 1, 1994 was void because the entry clearly and erroneously stated that aggravated murder was "a Felony of the First degree," and for failing to indicate the sequence in which the consecutive sentences were to be served.

{¶ 7}   On September 12, 2016, the trial court denied appellant's motion. The trial court noted that:

> Defendant argues that his sentence is void and as a result, he is entitled to be resentenced.  His argument hinges on the fact that the Judgment Entry erroneously classified Aggravated Murder in violation of R.C. 2903.01 as "a Felony of the First

degree," when in fact Aggravated Murder is an unspecified felony.

* * *

The record clearly establishes that the inclusion of "a Felony of the First Degree" in the Judgment Entry was an erroneous clerical error.

Moreover, the Court finds that *res judicata* bars Defendant from now seeking to vacate his judgment and have a new sentencing hearing. It is well-established that "[a] void judgment is a nullity and open to collateral attack at any time." *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 46. However, the Judgment Entry in this case constitutes a voidable judgment on the grounds that it contains a clerical mistake. Therefore, *res judicata* bars Defendant from raising this argument for the first time. Defendant failed to raise this issue on direct appeal and he failed to raise it during any subsequent Motions before this Court. Accordingly, Defendant's contention is barred by the doctrine of *res judicata*.

(Emphasis sic.) (Sept. 12, 2016 Entry Denying Defendant's Mot. at 2-4.)  The trial court then denied appellant's motion and stated that, pursuant to Crim.R. 36, the court would issue a judgment entry nunc pro tunc to correct the clerical error.[1]

{¶ 8}  In addition, on August 23, 2016, appellant filed a motion for shock probation pursuant to R.C. 2929.201, which the trial court construed as a motion for judicial release under R.C. 2929.20.  On September 14, 2016, the trial court denied appellant's motion.  Appellant did not file a notice of appeal of the September 14, 2016 decision.

{¶ 9}  On September 27, 2016, appellant filed a notice of appeal, noting specifically that he was appealing the September 12, 2016 judgment of the trial court.

## II. ASSIGNMENTS OF ERROR

{¶ 10} Appellant's three assignments of error are lengthy, and at times difficult to follow. However, we will briefly summarize. In assignment of error one, appellant asserts that he is entitled to re-sentencing, based upon his claim that the June 1, 1994 judgment

---

[1] On November 3, 2016, the trial court filed an amended nunc pro tunc judgment entry correcting paragraph two of the June 1, 1994 judgment entry by removing the reference to the aggravated murder charge as being a "Felony of the First degree."

entry was void. In assignment of error two, appellant argues that the Ohio Department of Rehabilitation and Correction ("ODRC") should be held in contempt for "unconstitutionally" altering, amending, or modifying his life sentence to "888" years in prison. In assignment of error three, appellant asserts that the trial court violated due process and/or equal protection by recasting his motion for shock probation as a motion for judicial release.

## III. ASSIGNMENT OF ERROR ONE—BARRED BY RES JUDICATA

{¶ 11} In his first assignment of error, appellant asserts that he is entitled to sentencing or re-sentencing, based on his claim that the June 1, 1994 judgment entry was void. His argument hinges on the fact that the judgment entry erroneously classified aggravated murder in violation of R.C. 2903.01 as "a Felony of the First degree," when in fact aggravated murder is an unspecified felony. In addition, appellant argues that the sequence with which the sentences were to be served was contrary to law, and thus void by operation of law.[2] Appellant's argument is barred by res judicata, and otherwise lacks merit.

{¶ 12} Appellant could have raised all of the arguments contained in his motion during his direct appeal, which he did not do. Res judicata bars any claim that appellant could have raised in the trial court before conviction or on appeal after conviction. *State v. Perry*, 10 Ohio St.2d 175 (1967). In *Perry*, the Supreme Court of Ohio stated:

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment.

---

[2] Appellant consistently misconstrues the nature of a life sentence. Appellant argues that his sentence for aggravated murder of 20 years to life means "not less than twenty years and not more than life," and that he has a due process and equal protection guarantee of his release prior to his death. (Appellant's brief at 6.) Appellant overlooks that on June 1, 1994, appellant and his counsel signed an entry of guilty plea that states that the prison term for the aggravated murder charge would be "20 years as a minimum up to a maximum of life imprisonment." (June 1, 1994 Entry of Guilty Plea.) A life sentence is a "sentence that imprisons the convicted criminal for life." *Black's Law Dictionary* (10th Ed.2014). We construe a "life sentence * * * to mean a sentence which has a statutory maximum of life imprisonment." *State v. Smith*, 89 Ohio App.3d 497, 500 (10th Dist.1993). As such, a life sentence maximum term imprisons a convicted criminal until they are no longer alive.

(Emphasis sic.) *Id.* at paragraph nine of the syllabus. Complaints about the trial court's judgment entry and other supposed legal errors could have been raised in appellant's direct appeal. Appellant did not raise any issues regarding whether or not aggravated murder was a first degree felony, or the sequence in which his sentence was to be served. As such, res judicata now bars this claim. *See also State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996).

{¶ 13} Even if appellant's claim was not barred by res judicata, his argument still lacked merit. " 'In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous.' " *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 6, quoting *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27. Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

{¶ 14} The trial court found that the record clearly establishes that the inclusion of "a Felony of the First degree" in the judgment entry was an erroneous clerical error. The trial court noted that appellant was indicted for aggravated murder, and his signed guilty plea states that he pled "[g]uilty to the stipulated lesser included offense of Count 1 of the indictment, to wit, Aggravated Murder, 2903.01 R.C., without death specifications." (June 1, 1994 Entry of Guilty Plea.) The trial court also reviewed the transcript from the May 31, 1994 plea hearing and found that appellant entered into a plea to the same. (Sept. 12, 2016 Entry Denying Def.'s Mot. at 3.) Accordingly, there was competent, credible evidence to show that the trial court's misclassification of Count 1 of the indictment constitutes a clerical error.

{¶ 15} As found by the trial court, the sentencing entry was voidable, not void. Res judicata "bars attacks on voidable judgments but not void judgments." *State v. Mack*, 10th Dist. No. 13AP-884, 2014-Ohio-1648, ¶ 7.

{¶ 16} Based on the foregoing, appellant's first assignment of error is overruled.

**IV. ASSIGNMENT OF ERROR TWO – NOT PROPERLY RAISED**

{¶ 17} In his second assignment of error, appellant argues that ODRC should be held in contempt for "unconstitutionally" altering, amending, or modifying his life sentence to "888" years in prison. (Appellant's brief at 9-10.)

{¶ 18} Appellant attached an unauthenticated document to his appellant's brief, purportedly from the ODRC. This document is not part of the record in this appeal. This document, if it is authentic, shows that appellant's minimum sentence for aggravated murder is 20, and maximum sentence is 888.88. It also shows that the minimum sentence for aggravated robbery is 6 years with a maximum of 25. It states that the aggregate sentence is "3 Gun + 26.00 – Life."

{¶ 19} Appellant never raised this argument with the trial court, and instead raises a constitutional argument for the first time on appeal, which is improper. *See State v. Harris*, 10th Dist. No. 15AP-683, 2016-Ohio-3424, ¶ 74 (constitutional argument raised for the first time on appeal "need not be heard" by reviewing court), citing *State v. Douglas*, 10th Dist. No. 09AP-111, 2009-Ohio-6659, quoting *State v. Awan*, 22 Ohio St.3d 120 (1986).

{¶ 20} Second, appellant's argument relies upon material that was never presented to the trial court, and is therefore outside the record, which is also improper. *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").

{¶ 21} Even if the merits are considered, and it is assumed that the ODRC document attached to appellant's brief is a true and accurate copy of an actual record maintained by ODRC, his argument fails. The state argues that "[i]t appears that, for whatever reason, the system used by ODRC converts the maximum possible sentence for a life term into the numerical equivalent of 888.88 years. But, the form also clearly recognizes that the minimum prison term for aggravated murder is 20 years, so ODRC's routine bookkeeping process to apparently designate an infinite number as 888.88 did not 'alter, amend, or modify' defendant's sentence in any manner whatsoever." (Appellee's brief at 8.) We agree with the state. In addition, the document clearly shows that the

aggregate sentence is the 3-year gun specification plus the minimum sentence for the aggravated murder (20), and for the aggravated robbery (6), to life.

{¶ 22} Accordingly, appellant's second assignment of error is overruled.

## V. ASSIGNMENT OF ERROR THREE—COURT LACKS JURISDICTION

{¶ 23} In his third assignment of error, appellant asserts that the trial court committed some type of due process and/or equal protection violation by recasting his motion for shock probation as a motion for judicial release.

{¶ 24} We note that the trial court does not state why it chose to review appellant's motion under the judicial release statute, R.C. 2929.20, rather than newly re-enacted shock probation statute, R.C. 2929.201. In any event, appellant's argument fails for multiple reasons.

{¶ 25} Firstly, the trial court's judgment entry recasting and denying appellant's motion for shock probation was filed on September 14, 2016. Appellant's notice of appeal is specifically limited to the September 12, 2016 judgment entry, denying his motion for "sentencing." As a result, this court lacks jurisdiction to entertain appellant's argument, as it relates to a judgment he never appealed. *See* App.R. 4(A)(1) (noting that a party wishing to appeal from an order that is final "shall file the notice of appeal required by App.R. 3 within 30 days of that entry").

{¶ 26} Secondly, even if this court had jurisdiction, a motion denying shock probation is not a final, appealable order. *State v. Coffman*, 91 Ohio St.3d 125, 126 (2001). *Coffman* also "requires the dismissal of orders denying judicial release pursuant to R.C. 2929.20." *State v. Schlosser*, 2d Dist. No. 26888, 2016-Ohio-731, ¶ 4. The *Schlosser* court also held:

> We discern no relevant difference between the new statute and its predecessor that would permit us to read into it a right of appeal that did not previously exist. *Coffman* at 127 ("In matters of probation and parole, we have steadfastly refused to recognize a right of appeal absent a clear directive from the General Assembly that an appeal may be prosecuted"). We conclude that the denial of a motion for shock probation under R.C. 2929.201, like the denial of a motion under R.C. 2947.061, is not a final appealable order.

*Id.* at ¶ 6.

{¶ 27} Finally, R.C. 2929.201 states in relevant part:

> Notwithstanding the time limitation for filing a motion under former section 2947.061 of the Revised Code, an offender whose offense was committed before July 1, 1996, and who otherwise satisfies the eligibility criteria for shock probation under that section as it existed immediately prior to July 1, 1996, may apply to the offender's sentencing court for shock probation.

{¶ 28} The 1996 version of R.C. 2947.061 specifically stated that shock probation "does not apply to a defendant who is sentenced for the commission of an aggravated felony of the first, second, or third degree." In this case, appellant was convicted of aggravated robbery, a first degree felony. As such, appellant is not eligible for shock probation.

{¶ 29} This court lacks jurisdiction as to appellant's third assignment of error.

## VI. DISPOSITION

{¶ 30} Based on the foregoing, appellant's first and second assignments of error are overruled. This court lacks jurisdiction as to appellant's third assignment of error. Therefore, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

————————————————